CENTRAL PACIFIC RAILROAD COMPANY, Petitioner, v. BOARD OF EQUALIZATION OF PLACER COUNTY, Respondent.

No. 1816; February 27, 1869.

**Certiorari.—The Office of the Writ of Certiorari is to remove** for review final adjudications of inferior tribunals, etc., exercising judicial functions, when such tribunals have exceeded their jurisdiction and the party aggrieved has no appeal and no plain, speedy and appropriate remedy.

**Certiorari—When not Available.—When It is Found by the Court** issuing a writ of certiorari that the inferior tribunal had jurisdiction of the subject matter and of the parties, and that the adjudication was not in excess of the authority conferred upon it by law, the adjudication will not be disturbed because error, either of law or of fact, intervened in the proceedings.

**Taxation.—The Board of Equalization has Authority,** upon a proper application or petition, to increase or diminish the valuation of property listed and returned by the assessor.

**Taxation—Board of Equalization.—In Ascertaining and Determining** the proper valuation of property for purposes of taxation, the board of equalization acts in a judicial capacity.

**Certiorari—Questions of Error.—When It is Conceded or Shown** that an inferior tribunal had power to hear and determine the subject matter in controversy between the parties before it, and that the determination was within the law as to amount, time, place, etc., the only question that can arise upon the proceedings is one of error, which question is not before the court under the writ of certiorari.

APPEAL from Fourteenth Judicial District, Placer County.

E. B. Crocker and R. Robinson for petitioner; E. S. Craig for respondent.

RHODES, J.—The Central Pacific Railroad Company filed its petition with the board of equalization of Placer county for the reduction of the valuation of its railroad from twelve thousand dollars per mile, the rate at which it was valued by the assessor, to the sum of six thousand dollars per mile. Upon the day appointed for the hearing of the petition the counsel for the company and the district attorney for the county appeared, and both parties introduced evidence upon the question of the value of the railroad, and the matter being finally submitted, the board refused to reduce the valuation. The company thereafter filed its petition in this court for a writ of certiorari to bring up for review the proceedings of the board.

The board of equalization has authority, upon a proper application or petition, to increase or diminish the valuation of property listed and returned by the assessor. In ascertaining and determining the proper valuation of the property for the purpose of taxation the board acts in a judicial capacity. It hears and determines the matter in the same manner as a similar question is heard and determined by any other judicial tribunal. Evidence is adduced by the parties, in relation to the value of the property, and upon such evidence the valuation for revenue purposes is determined. It is not doubted by counsel, and there is no room for doubt, that on that petition the board had jurisdiction of the issue presented, and had competent authority after hearing the evidence to determine thereupon whether the valuation of the petitioner's railroad should be reduced below that made by the assessor; but it is insisted that the board, in basing its estimate of the value of the road upon its business and income—instead of taking for that purpose the value of the roadbed, as so much land, and of the superstructure, less the cost of laying the track, and the wear and tear of the materials by use—proceeded upon a wrong principle; and that the board, in basing

its estimate of value upon the business and income of the road, exceeded its jurisdiction.

The office of the writ of certiorari is to remove for review final adjudications of inferior tribunals, etc., exercising judicial functions, which have exceeded their jurisdiction, when there is no appeal nor any plain, speedy and adequate remedy: Practice Act, sec. 456. Upon a review of the proceedings of such tribunal the only inquiry is, whether it exceeded its jurisdiction; or, as it is expressed in section 462, and which means the same thing, whether it "has regularly pursued the authority of such tribunal": People v. Burney, 29 Cal. 459; Finch v. Tehama County, 29 Cal. 455; People v. Dwinelle, 29 Cal. 683; People v. Johnson, 30 Cal. 101.

When it is found by the court issuing the writ that the inferior tribunal had jurisdiction of the subject matter and of the parties—if there were parties to the proceeding—and that the adjudication was not in excess of the authority conferred upon it by law, the adjudication will not be disturbed because error, either of law or of fact, intervened in the proceedings. A certiorari is not a substitute for an appeal. Error in the proceedings which might be sufficient ground for the reversal of the judgment or decision on appeal are disregarded on certiorari; for it is the intent of the statute that all judgments and judicial determinations from which no appeal is given shall be final and conclusive, except only upon the point of jurisdiction.

The matter of which the petitioner complains, and in which the alleged want of jurisdiction appears, is in substance that the board admitted evidence of the business and income of the railroad, and based its estimate of value of the railroad upon such evidence. The board in the exercise of its admitted jurisdiction of the matter brought before it was required to rule upon the question of the admissibility of the evidence offered by either party, and to hear and consider the evidence tending to prove the fact in issue; and if the board admitted evidence that was incompetent or for any reason illegal, or gave undue or any weight to such evidence, its action and decision was in that respect erroneous, but did not amount to more than mere error, and do not touch or relate to the question of the jurisdiction of the board of the matter in controversy. To allege that the board adopted an incorrect

test of the value of the property, or a wrong theory in that respect, is to say that the board either admitted incompetent evidence or gave undue weight to some of the evidence, or decided the matter in utter disregard of the evidence; and if those questions were subject to review, the determination would be that the board did or did not commit error. Those questions could not be reached on review, even a review authorized, until it was determined, either expressly or by implication, that the board had jurisdiction of the matter in which the alleged errors occurred. "Jurisdiction," said Mr. Justice Baldwin in State of Rhode Island v. State of Massachusetts, 12 Pet. 718 [9 L. Ed. 1257], "is the power to hear and determine the subject matter in controversy, between parties to a suit, to adjudicate or exercise any judicial power over them; the question is whether on the case before the court their action is judicial or extrajudicial, with or without the authority of law, to make a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction; what shall be adjudged or decreed between the parties, and with which is the right of the case, is judicial action by hearing and determining it." The power to hear and determine the subject matter in controversy between the parties being conceded or shown, and the determination being within the limits prescribed by law, as to amount, time, place, etc., the only question that can arise upon the proceedings is one of error. Questions of that character are not proper subjects of review under the writ of certiorari.

As the writ cannot, in our opinion, be maintained, the discussion of the questions whether the evidence complained of was admissible, or whether the evidence was brought up in such a manner that we could notice it, or whether the proper rule was adopted in ascertaining the value of the property, would be useless and improper, as our opinion would amount to mere obiter dicta.

Writ dismissed.

We concur: Crockett, J.; Sawyer, C. J.

I dissent: Sanderson, J.