[Crim. No. 8509.   Second Dist., Div. Two.   Aug. 21, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. HENRY NATHANIEL ROSS, Defendant and Appellant.

Morrise Davis, under appointment by the District Court of Appeal, and Fitzgerald & Davis for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, J.—Appellant and two codefendants, Jeter and Hampton, were convicted by a jury of violating Penal Code, section 211: robbery.  Jeter and Hampton have not appealed.

The victim of the robbery (Stoskopf), riding a streetcar from the city of Downey to Los Angeles, shared a drink of whiskey with appellant from a bottle he was carrying and as a consequence appellant guided Stoskopf to a poolhall where Stoskopf started to play a game of pool with a man other than appellant. Stoskopf abruptly terminated the play when some money he had left in a pocket on the table disappeared without explanation. Stoskopf left the poolhall and after two unsuccessful attempts to have someone call a cab for him, he noticed an MTA bus depot in the vicinity. He knocked on the door of the bus depot and received no reply. At about this time he saw defendant Jeter about 25 to 35 yards behind him. He also saw defendant Hampton across the street. He did not see appellant. Almost concurrently with the observations mentioned, Stoskopf was attacked from behind and knocked down. Before losing consciousness, Stoskopf saw Jeter break the cane which Stoskopf carried and saw appellant running away from the scene.

Phyllis Williams, an eyewitness, testified that she was sitting in her car in front of the MTA depot waiting for her husband, an MTA driver, when Stoskopf walked up to the depot accompanied by Hampton. Jeter and appellant were across the street. As Stoskopf left the door of the bus depot, Jeter and appellant crossed the street approximately 12 to 15 feet from her car. She heard Jeter say, ''Come on. Let's go after him.'' The men then disappeared. She heard Stoskopf yell for help, and saw five men beating him. She left her car, ran to the bus depot and called her husband, whereupon he and several other drivers ran out and apprehended the attackers.

Forty dollars and a bottle of whiskey were taken from Stoskopf.

Appellant, on cross-examination, was asked by way of impeachment: ''When you talked to [Officer Myers] at the scene there of the arrest didn't you make the following statement to Officer Myers:

'' 'I was walking down Alameda and observed codefendant Jeter and a man called Slaughter-House beating victim. I didn't do anything. I don't know what happened.' ''

In previous testimony, appellant had denied seeing Slaughter-House that night and denied making the quoted statement.

Since the quoted statement was introduced by the prosecution, appellant urges that the People are bound by it and that its exculpatory nature requires a reversal of the judg-

ment. Appellant relies on the case of *People* v. *Griego,* 136 Cal.App.2d 51, 55-56 [288 P.2d 175]; and *People* v. *Mercer,* 210 Cal.App.2d 153, 158 [26 Cal.Rptr. 502], which hold that ''. . . if the prosecution presents as a part of its case a statement of the defendant evidencing a justification for the alleged crime, the prosecution is bound by that evidence in the absence of proof to the contrary.''

The general principle announced by the two cases cited has no application to the facts of this case since the case of the People was based only in part on the cross-examination referred to. (*People* v. *Acosta,* 45 Cal.2d 538 [290 P.2d 1].) In *Acosta,* the court said at page 542: '' . . . [I]f there is prosecution evidence which tends to disprove criminality and other prosecution evidence which tends to prove criminality, it is the function of the trier of fact to determine which version is to be believed. [Citations.] The courts may sometimes say that the prosecution is 'bound by' extrajudicial statements of defendant which are introduced by the prosecution and which are irreconcilable with guilt, but this concept is applicable only where there is no other competent and substantial evidence which could establish guilt. [Citations.]''

Appellant insists too that the prosecution failed to prove the requisite intent to steal required to complete the crime defined by Penal Code, section 211. Intent may be proved by inference from all the circumstances of the case. (*People* v. *Jennings,* 158 Cal.App.2d 159, 165-166 [322 P.2d 19]; *People* v. *Maciel,* 71 Cal.App. 213, 218 [234 P. 877].)

We believe appellant's direction of the victim to the poolhall, the victim's loss of money in the poolhall, his abrupt departure therefrom, defendant Jeter's statement ''Come on. Let's go after him''; appellant's flight from the scene of the attack, his immediate apprehension thereafter, appellant's statements made at the scene of the arrest, which constitute only a part of the evidence, reflect a formidable array of facts from which it is not too difficult to properly draw an inference that there was an intent to steal.

We believe that the jury was justified in concluding that appellant had the requisite intent to steal, from the chain of circumstances contained in the evidence.

Finally, appellant contends that the trial court abused its discretion in denying appellant's motion to exclude witnesses from the trial. It appears without dispute that the

witnesses whom appellant desired to exclude, had testified at the preliminary hearing.

In *People* v. *Orona,* 79 Cal.App.2d 820, 827 [180 P.2d 694], as in the case at bench, the court affirmed the denial of a similar motion predicated on a like situation. There was no abuse of discretion.

Judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.