Filed 7/12/16  P. v. Saelee CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RICKY SOU SAELEE, JR., Defendant and Appellant. | F070259 (Merced Super. Ct. No. CRM027776) **OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County. Marc A. Garcia, Judge.

Janet J. Gray, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokan and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Kane, Acting P.J., Peña, J. and Smith, J.

Appellant Ricky Sou Saelee, Jr., appeals his convictions for attempted murder (Pen. Code, §§ 187, 664)[1] and second degree robbery (§ 211), both of which included an enhancement for intentionally and personally discharging a firearm causing great bodily injury (§ 12022.53), two enhancements for previous serious or violent felony convictions (§ 667), and two enhancements for prior prison terms (§ 667.5). Appellant was also convicted of assault with a firearm (§ 245), including enhancements for two convictions for serious or violent felonies (§ 667) and two prior prison terms (§ 667.5), as well as being a felon in possession of a firearm (§ 29800), with enhancements for one prior serious or violent felony conviction (§ 667) and two prior prison terms (§ 667.5). Appellant alleges there was insufficient evidence to support the jury's verdict of guilty on the attempted murder and robbery counts. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In the time around May 6, 2013, Allen Butler was homeless and living out of his Chevy Suburban truck. Suffering from schizophrenia, Mr. Butler took several medications to control his condition, including the drug Seroquel which helped him sleep. He had also been prescribed marijuana and regularly took the drug as a sleep aid, although his medical marijuana card had expired at the time.

Mr. Butler was acquainted with a woman named Amanda Barrera. Ms. Barrera is a methamphetamine addict. Around May 6, 2013, Ms. Barrera was in the midst of a three-day methamphetamine binge. She had taken methamphetamine throughout the day of May 5, and had not slept in approximately three days.

At approximately 11:00 p.m. on May 5, 2013, Ms. Barrera was walking to a friend's house to use the phone. Having found the lights in her friend's house were out, and believing her friend was not home, Ms. Barrera noticed that Mr. Butler's truck was parked nearby. She approached and asked Mr. Butler if she could use his phone.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2.

Mr. Butler agreed. Ms. Barrera made a call, returned the phone, and left.

Ms. Barrera had called appellant and, immediately after that call, walked across the street to a nearby Food Maxx to meet up with him. Knowing that Mr. Butler smoked marijuana, Ms. Barrera had decided she would try to steal money or drugs from Mr. Butler in order to obtain more methamphetamine. When Ms. Barrera met with appellant at the Food Maxx, she informed him of her plans to steal from Mr. Butler and told appellant where Mr. Butler was located. Ms. Barrera then left the Food Maxx alone, heading back to Mr. Butler's truck.

Ms. Barrera arrived back at the truck around 2:00 a.m., and found Mr. Butler sleeping in the back row seats. She knocked on the window, waking him, and asked to enter the truck to use his cell phone again. Mr. Butler agreed and Ms. Barrera entered the truck, sat in the front passenger seat, and took possession of Mr. Butler's phone.

At that time, appellant approached the truck and opened the rear door. He pointed a gun at Mr. Butler's face. According to the police report, appellant said, "Hey, this is a robbery, give me your cell phone." According to Ms. Barrera, he said, "Give me what you got." And according to Mr. Butler, appellant first asked to use his phone and, when rejected, demanded he "[g]ive up the phone."

Mr. Butler attempted to hide behind the middle row seats of his truck and covered his head with his arm. When Mr. Butler claimed to have nothing to hand over, appellant fired his first shot, striking the seats Mr. Butler was hiding behind. Mr. Butler began trying to escape the truck and saw appellant follow his movement with the gun. Appellant then fired a second shot, striking Mr. Butler in the arm being used to shield his head.

As these events unfolded, Ms. Barrera was looking through Mr. Butler's truck for drugs or money. Finding nothing, she exclaimed, "There's nothing." Appellant responded, "Let's go," and the two fled the scene, although not together. Ms. Barrera left

3.

with Mr. Butler's cell phone and had it when later arrested. The gun used in the shooting was later located in a backpack near a trashcan at appellant's home.

Appellant was convicted by a jury and sentenced to a term of 25 years to life, plus 20 years. This appeal timely followed.

## DISCUSSION

Appellant challenges his convictions for attempted murder and robbery. In both challenges, appellant contends there was insufficient evidence to support his conviction. With respect to the attempted murder charge, appellant argues the evidence is insufficient to demonstrate an intent to kill. With respect to the robbery charge, appellant argues the evidence is insufficient to demonstrate the use of force or fear to effectuate the taking of Mr. Butler's property. The People oppose and separately request a correction of the abstract of judgment.

### *Standard of Review*

"In reviewing a sufficiency of evidence claim, the reviewing court's role is a limited one. ' "The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." ' " (*People v. Smith* (2005) 37 Cal.4th 733, 738-739 (*Smith*).)

### *Sufficient Evidence Supports the Attempted Murder Conviction*

"Attempted murder requires the intent to kill and a direct but ineffectual act toward accomplishing the intended killing." (*People v. Juarez* (2016) 62 Cal.4th 1164, 1170.) Implied malice—a conscious disregard for life—is insufficient to demonstrate the required intent to kill for attempted murder. Rather, a specific intent to kill a human being must be shown. (*People v. Stone* (2009) 46 Cal.4th 131, 139-140.)

4.

Appellant argues insufficient evidence supports a finding of intent to kill. We disagree. The evidence presented in this case shows that appellant pointed a gun at Mr. Butler's face from virtually point blank range, tracked his aim to ensure he was firing at Mr. Butler, and fired two shots, striking Mr. Butler once in the arm being used to shield his head. Under well-settled principles, this conduct is sufficient to support the jury's conclusion that appellant intended to kill Mr. Butler. (*People v. Millbrook* (2014) 222 Cal.App.4th 1122, 1149 [evidence defendant intentionally shot at victim's chest at close range sufficient to permit the jury to find intent to kill]; *People v. Perez* (2010) 50 Cal.4th 222, 230 [citing past cases recognizing the "act of firing toward a victim at a close, but not point blank range 'in a manner that could have inflicted a mortal wound had the bullet been on target is sufficient to support an inference of intent to kill' "].)

Appellant, relying on several cases reversing convictions for crimes requiring an intent to kill, argues the mere fact that appellant shot at Mr. Butler is insufficient evidence of an intent to kill. Appellant misunderstands these cases. In appellant's primary cases, the court reversed because the jury was improperly instructed in such a way that they could impermissibly convict without finding a specific intent to kill. (See *People v. Ratliff* (1986) 41 Cal.3d 675, 695-696 (*Ratliff*) [instructions suggested implied malice was enough]; *People v. Johnson* (1981) 30 Cal.3d 444, 447-448 [same]; *People v. Ramos* (1984) 37 Cal.3d 136, 146 [court erroneously concluded intent to kill was not a required element of felony-murder special circumstance].) These cases are easily distinguishable by the simple fact that their holdings are ambivalent as to whether a jury could rely on evidence that a gun was fired to convict. Rather, they merely hold that evidence of a shooting from close range is not so overwhelmingly persuasive as to outweigh certain instructional errors. (See *Ratliff*, *supra*, 41 Cal.3d at p. 696 [relying on conclusion that "defendant's act of shooting his victim at close range did not so conclusively demonstrate an intent to kill as to render harmless the error in

instructions"].) When such evidence is presented to the jury with proper instructions, these cases have no bearing on whether a jury may properly infer an intent to kill.

Appellant's reliance on *People v. Belton* (1980) 105 Cal.App.3d 376 (*Belton*) is equally misplaced, but for a different reason. In *Belton*, the court found that the mere act of setting fire to an inhabited building is insufficient, absent additional evidence, to demonstrate intent to kill. (*Belton*, *supra*, 105 Cal.App.3d at p. 381.) The *Belton* court further noted that "assault with a deadly weapon does not itself provide the basis for an inference of intent to murder." (*Ibid.*). We do not disagree with these general statements, but they do not stand for the proposition appellant posits—facts proving assault with a deadly weapon cannot also prove attempted murder. There are many factual scenarios in which assault with a deadly weapon can occur without a concomitant intent to kill the victim—stabbing one in the leg to effectuate a getaway, for example. But that does not mean there are none where the opposite is true, as this case exemplifies. Appellant aimed a gun at Mr. Butler's face, tracked his movements, fired twice, and struck Mr. Butler's arm as it shielded his head. These facts can be understood to show far more than just shooting at the victim. (Cf. *People v. Adams* (2008) 169 Cal.App.4th 1009, 1023 [intent to kill demonstrated by setting fires at both the front and back of a house, creating a kill zone].)

Appellant also suggests the evidence contradicts any finding of intent to kill because appellant stopped shooting and did not kill Mr. Butler. But this factual argument is irrelevant. As noted above, " ' "we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." ' " (*Smith*, *supra*, 37 Cal.4th at pp. 738-739.) Regardless, "it is not dispositive that defendant did not kill some of his wounded victims. That defendant may have fired once and then abandoned his efforts does not compel the conclusion he lacked the intent to kill in the first instance." (*People v. Houston* (2012) 54 Cal.4th 1186, 1218.)

## *Sufficient Evidence Supports the Robbery Conviction*

" 'Robbery is the taking of "personal property in the possession of another against the will and from the person or immediate presence of that person accomplished by means of force or fear and with the specific intent permanently to deprive such person of such property." ' " (*People v. Davis* (2009) 46 Cal.4th 539, 608.) A "robbery can be accomplished even if the property was peacefully or duplicitously acquired, if force or fear was used to carry it away." (*People v. Gomez* (2008) 43 Cal.4th 249, 256 (*Gomez*).)

Appellant recognizes that force was used when appellant fired his gun at Mr. Butler. However, appellant argues the firing "was not to facilitate a getaway or subdue a resisting victim," nor an "effort to successfully flee" and, thus, was unrelated to the robbery charge. We disagree. Appellant's argument asks us to independently weigh the evidence and assign appellant's use of force on the night of the crime no weight with respect to the alleged robbery. Of course, we cannot do this. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 ["Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution."].)

Upon a proper review, there is sufficient evidence upon which a rational trier of fact could find, beyond a reasonable doubt, appellant used force or fear in the carrying away of Mr. Butler's property. Appellant was informed of Ms. Barrera's plans to rob Mr. Butler, arrived at the scene and assisted in the planned crime, and did so by not only demanding Mr. Butler's phone and property but also by pointing a gun at Mr. Butler and shooting at him prior to fleeing. These facts are more than sufficient to show the use of force or fear in order to facilitate the taking of Mr. Butler's property. (*Gomez*, *supra*, 43 Cal.4th at pp. 256-257 [noting that escape by means of arms is as important to a robbery as gaining possession of the item and referencing long line of cases holding

7.

" 'that mere theft becomes robbery if the perpetrator, having gained possession of the property without use of force or fear, resorts to force or fear while carrying away the loot' "].)

### *Correction to the Abstract of Judgment*

In its responsive brief, the People note the abstract of judgment in this case incorrectly identifies the determinate term of appellant's sentence as 19 years. The trial court's oral pronouncement included a determinate term of 20 years. While the abstract of judgment shows each of the properly imposed enhancements, it incorrectly adds up the total determinate sentence as 19 years, rather than 20.[2] Appellant does not contest the existence of an error in the abstract of judgment. We have authority to correct this clerical error, and order the clerk to do so. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The trial court is ordered to correct the abstract of judgment to identify the term of appellant's determinative sentence as 20 years. In all other respects the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment consistent with this opinion and forward a certified copy to California's Department of Corrections and Rehabilitation.

---

[2] The proper calculation should be 14 years for the attempted murder charge (seven years, doubled), plus a five-year enhancement under section 12022.53, subdivision (d), plus a one-year enhancement under section 667.5, subdivision (b), for a total of 20 years.