[No. 21115.   Department One.—August 17, 1894.]

## THE PEOPLE, RESPONDENT, *v.* GUSTAVE LANDMAN, APPELLANT.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—INSTRUCTION AS TO INTENT—PROVINCE OF JURY.—An instruction to the jury upon the trial of a defendant charged with an assault with intent to commit murder, that "every person is presumed to intend what his acts indicate his intention to have been; and if the defendant at the time and place alleged in the information voluntarily assaulted the prosecuting witness with a deadly weapon in such a manner that the natural and ordinary consequences of such assault would be to kill the said witness Stanovitch, then the law presumes that the defendant intended to kill the said witness Stanovitch; and unless it appears from the evidence that the intention of the defendant was other than his acts indicated, the law will not hold him guiltless," is erroneous, in that it passes upon the question of intent, and thereby trenches upon the province of the jury in passing upon matters of fact.

ID.—INTENT TO COMMIT MURDER—ESSENTIAL.—It is error for the court to refuse to instruct the jury at the defendant's request that, "in order to justify a verdict of guilty of the crime of assault with intent to commit murder, the facts and circumstances proven in a case must be such that if death had resulted from the shooting the crime would have been murder, and not manslaughter; for if the crime in a case of death would have been only manslaughter, the defendant cannot be convicted of the offense charged."

Appeal from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Daney & Wright,* for Appellant.

The instruction given at the request of the prosecution as to the presumption that the intention of the defendant was to kill the prosecuting witness, if the ordinary consequences of the assault would be to kill him, was palpably erroneous. (*People* v. *Mize,* 80 Cal. 42; *Bull* v. *Bray,* 89 Cal. 299; *Patterson* v. *State,* 85 Ga. 131; 21 Am. St. Rep. 152; *State* v. *Evans,* 39 La. Ann. 912; *Roberts* v. *People,* 19 Mich. 414, and cases cited; *Maher* v. *People,* 10 Mich. 217, 218; 81 Am. Dec. 781; *Scott* v. *State,* 49 Ark. 159, and cases cited; *State* v. *Hickam,* 95 Mo. 327; 6 Am. St. Rep. 54.) The portion of such instruction charging that "unless it appears from the evidence that the intention of the defendant was other than his acts indicated, the law will not hold him guiltless," is fatal error, as it is based on section 1105 of the Penal Code, which does not apply to cases of this kind, but only to homicide cases. (*People* v. *Cheong Foon Ark,* 61 Cal. 528; *People* v. *Mize,* 80 Cal. 42.) The instruction asked for by the defendant and refused by the court, as to what facts would justify a conviction of the crime of an assault with intent to commit murder, correctly stated the law, and should have been given. (1 Wharton on Criminal Law, 9th ed., sec. 641; 1 Am. & Eng. Ency. of Law, 818, and cases cited in note 2; *People* v. *Ah Loy,* 57 Cal. 566.)

*Attorney General W. H. H. Hart,* and *District Attorney M. L. Ward,* for Respondent.

The instruction in regard to the presumption of law as to the intention of the defendant to kill the prosecuting witness, was proper. As the information included the charge of the crime of assault with a deadly weapon with intent to murder, it was proper for the court to

instruct the jury as to the rules of evidence whereby, if they should find an assault with a deadly weapon, they might be guided in the further inquiry upon the evidence as to whether the additional elements necessary to constitute the intent to murder concurred with the assault. (*People* v. *Gordon*, 99 Cal. 227–29; *People* v. *Bentley*, 75 Cal. 407; *People* v. *Pape*, 66 Cal. 366; *Ex parte Donahue*, 65 Cal. 474; *People* v. *English*, 30 Cal. 215; *State* v. *Doyle*, 107 Mo. 36; *Crosby* v. *People*, 137 Ill. 325; *State* v. *Musick*, 101 Mo. 260; *Conn* v. *People*, 116 Ill. 458, 463; *United States* v. *Outerbridge*, 5 Saw. 620; *Commonwealth* v. *York*, 9 Met. 103; 43 Am. Dec. 373; *Smith* v. *State*, 88 Ala. 23; *Patterson* v. *State*, 85 Ga. 131; 21 Am. St. Rep. 152. See *Dunaway* v. *People*, 110 Ill. 333; 51 Am. Rep. 686; *Callahan* v. *State*, 21 Ohio St. 306; *Walker* v. *State*, 8 Ind. 290; *Ex parte Brown*, 40 Fed. Rep. 81.)

GAROUTTE, J.—The defendant was convicted of an assault with intent to commit murder, and now prosecutes this appeal from the judgment and order denying his motion for a new trial. At the request of the prosecution the court gave the jury the following instruction: "Every person is presumed to intend what his acts indicate his intention to have been; and if the defendant, at the time and place alleged in the information, voluntarily assaulted the prosecuting witness with a deadly weapon, in such a manner that the natural and ordinary consequences of such assault would be to kill the said witness Stanovitch, then the law presumes that the defendant intended to kill the said witness Stanovitch; and unless it appears from the evidence that the intention of the defendant was other than his acts indicated, the law will not hold him guiltless."

It is now argued by the attorney general that the foregoing instruction should not be construed as an attempted exposition of the law bearing upon the specific offense charged in the information, but that it related and was pertinent to other and lower offenses necessarily included therein, and that as to such

offenses it stated the true rule. To support his contention, he says the "intent" to which the instruction was directed was "the intent to kill," and not the "intent to murder." Again, he says the word "guiltless" does not refer to the offense of assault with intent to commit murder, but that such portion of the instruction means that the defendant will not be held guiltless of any and all offenses. We think the argument unsound. In the first place, there is no such offense designated in our criminal code as an assault with a deadly weapon with intent to kill; the entire instruction is framed with a view of enlightening the jury upon a question of law as to the intent to kill, and upon respondent's construction it would be uncalled for, and not demanded by the exigencies of the case, for an intent to kill is only material in this case when we view such an intent as one to commit murder. Again, the fair interpretation of the language of the court is that, under the circumstances depicted by the evidence stated, the defendant could not be held guiltless of the specified crime charged in the information. A jury would so understand it beyond any doubt. Looking at the instruction from this standpoint, it is clearly erroneous, for it trenches upon the province of the jury in passing upon matters of fact. In the offense here charged, a specific intent is the all-important element, and it is essentially a question of fact for the jury to decide. When a specific intent is an element of the offense, no presumption of law can ever arise that will decide this question of intent; and therein is found the vice of the present instruction. The saving clause found in the latter portion of it does not cure the objection we have suggested. If it serves any purpose whatever it casts upon the defendant the burden of introducing evidence to disprove a state of facts created by a presumption of law, and no such burden can be cast upon a defendant in a case charging an offense of the present character. Of course, under these circumstances, a person's intent cannot be proven by direct and positive evidence, yet it is none

the less a question of fact, to be proven like any other fact in the case, and all the circumstances surrounding the assault furnish the rule upon which its proper solution depends. As fully and entirely supporting these views we cite *Roberts* v. *People,* 19 Mich. 401; *Patterson* v. *State,* 85 Ga. 131; 21 Am. St. Rep. 152; Lawson on Presumptive Evidence, 271; *People* v. *Mize,* 80 Cal. 42.

The court refused to give the following instruction asked by the defendant: "In order to justify a verdict of guilty of the crime of assault with intent to commit murder the facts and circumstances proven in a case must be such that, if death had resulted from the shooting, the crime would have been murder and not manslaughter; for if the crime in a case of death would have been only manslaughter the defendant cannot be convicted of the offense charged." This instruction should have been given, for it is sound law. If death should result from an assault with intent to commit murder no case can be imagined where the assailant would not be guilty of the crime of murder. Indeed, the death of the party assaulted is the only element necessary to change the offense from assault with intent to commit murder to that of murder. It may be suggested that the converse of this principle does not necessarily follow, to wit: if the killing is murder there must necessarily have been an intent to commit murder. (See *People* v. *Mize,* 80 Cal. 42.)

For the foregoing reasons it is ordered that the judgment and order be reversed, and the cause remanded for a new trial.

VAN FLEET, J., and HARRISON, J., concurred.