[Crim. No. 1027.   Second Appellate District, Division One.—November 8, 1923.]

# THE PEOPLE, Respondent, v. GUADALUPE RAMIREZ, Appellant.

[1] CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT MURDER — TRANSFER OF INTENT — INSTRUCTIONS.—In a prosecution for assault with intent to commit murder, the jury is properly instructed that, "When one intends to assault a certain person with a deadly weapon and by mistake or inadvertence assaults another person with such deadly weapon in his stead, it is nevertheless a crime; the intent is transferred from such other person so assaulted and the party committing such assault will be deemed guilty of assault with a deadly weapon the same as if he had originally intended to assault the person so assaulted , by such mistake or inadvertence."

[2] ID.—PRESUMPTION OF INTENT FROM ACTS—INSTRUCTIONS.—In a prosecution for assault with intent to commit murder, where the court gives instructions under which, without proof of "intent to kill and murder," the jury might find the defendant guilty of assault with a deadly weapon, it is not error to instruct the jury that "a person must be presumed to intend to do that which he voluntarily and willfully does in fact do and must also be presumed to intend all of the natural, probable and usual consequences of his own acts"; and if the defendant desires to limit said instruction by a declaration that it does not apply to an assault with a deadly weapon with intent to kill and murder, he should request the court to so declare.

[3] ID. — STATEMENT OF DEFENDANT'S CONTENTION — EXPRESSION OF OPINION OF GUILT.—In a prosecution for assault with intent to commit murder, an instruction containing the suggestion "That the defendant urges that although he may have been guilty of a technical violation of the law, he was innocent of any guilty purpose connected therewith," does not constitute an expression of opinion by the court that the defendant is guilty of any violation of the law.

[4] ID.—CONTRADICTORY TESTIMONY—PROVINCE OF JURY—INSTRUCTIONS. In a prosecution for assault with intent to commit murder, the court is not guilty of an invasion of the province of the jury by the statement that the "defendant has introduced testimony tend-

1. Charging assault with intent to kill when actual intent is directed against another, notes, 8 Ann. Cas. 789; Ann. Cas. 1912A, 1063; 7 L. R. A. (N. S.) 630; 37 L. R. A. (N. S.) 172.

Homicide by unlawful act aimed at another, note, 18 A. L. R. 917.

ing to prove that he was at" a specified place, at the time of commission of crime charged in the information, and that the "state has introduced evidence connecting defendant with commission of crime at" a different place, where immediately following such statement the court informs the jury "that in this contradiction of witnesses the jury have to determine for themselves where lies the truth."

APPEAL from a judgment of the Superior Court of Los Angeles County. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. W. Judd for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Defendant was accused and convicted of the crime of assault with intent to commit murder, in that he made an assault with a deadly weapon upon one Lorenzo Ramirez with intent to kill and murder the said Lorenzo Ramirez. Defendant appeals from the judgment. There was no motion for a new trial. The points relied upon in support of the appeal are those hereinafter stated.

It is admitted by counsel for appellant that the evidence is sufficient to prove (although there is evidence to the contrary) that appellant fired the shot which struck Lorenzo; but he contends that the murderous intent, if any, was directed toward one Laura Salcido. From the evidence on which the verdict depends the facts appear to be that appellant fired at Miss Salcido; that the shot missed her and hit the boy Lorenzo, and that there is no evidence that appellant actually intended to hit Lorenzo.

[1] Taking into consideration this state of the evidence, appellant contends that the court erred in giving to the jury the following instruction: "When one intends to assault a certain person with a deadly weapon and by mistake or inadvertence assaults another person with such deadly weapon in his stead, it is nevertheless a crime; the intent is transferred from such other person so assaulted and the party committing such assault will be deemed guilty of assault with a deadly weapon the same as if he had originally intended to assault the person so assaulted by such

mistake or inadvertence." He claims that this rule of the transfer of intent is confined to murder trials, where the general malice constitutes the intent, and is not applicable in the trial of a case like the present, where (so he contends) the only charge is that of assault with intent to kill. It is true that, except in the case of murder, it is the law that whenever a specific intent is an element of an offense, no presumption of law can arise, and that the specific intent is a fact to be shown like any other fact in the case. (*People* v. *Jones,* 160 Cal. 358, 370 [117 Pac. 176].) But it does not necessarily follow that in the case at bar the conviction cannot be sustained without proof that the defendant intended to murder the person assaulted. "Every person who assaults another with intent to commit murder is punishable," etc. (Pen. Code, sec. 217.) "Where one intends to assault or kill a certain person, and by mistake or inadvertence assaults or kills another in his stead, it is nevertheless a crime, and the intent is transferred from the party who was intended to the other." (*People* v. *Wells,* 145 Cal. 138, 140 [78 Pac. 470, 471].) This rule has been affirmed in many states, although it is denied in others. (30 Corpus Juris, p. 25; also *State* v. *Thomas,* 127 La. 576 [Ann. Cas. 1912A, 1063, 53 South. 868].)

[2] The court instructed the jury that "a person must be presumed to intend to do that which he voluntarily and willfully does in fact do and must also be presumed to intend all of the natural, probable and usual consequences of his own acts." Appellant contends that this instruction violates the rule that where specific intent is an essential element of the crime, the fact of such intent must be proved. There is no doubt that the rule is correctly stated. Where the specific intent to kill and murder is an element of the offense charged, it is necessary that the existence of that intent be established as a fact by such evidence as will warrant the conclusion to that effect by the jury. It is not to be presumed from the commission of the unlawful act, though the jury may infer it from the acts and conduct of the defendant. This is true wherever the crime falls short of homicide, even if it be the crime of assault with intent to commit murder. (8 Cal. Jur., p. 26, and cases there cited.) But it does not follow that the instruction as given in this case is in conflict with the law. Included within the

information charging the offense of assault with a deadly weapon with intent to commit murder there is the charge of assault with a deadly weapon, a crime which may be committed without intent to kill. (3 Cal. Jur., p. 225.) The court gave instructions under which, without proof of "intent to kill and murder," the jury might have found the defendant guilty of assault with a deadly weapon. The instruction complained of, referring to the presumptions arising from a voluntary and willful act, is a correct instruction, applicable to this lesser offense. If the defendant desired to limit this instruction by a declaration that it did not apply to an assault with a deadly weapon with intent to kill and murder, he should have requested the court to so declare.

The next instruction criticised by appellant involves the question of intent in connection with the definition of the words "knowingly" and "willfully." For the same reasons given in discussing the last preceding instruction mentioned herein, we hold that the giving of such instruction was not erroneous. [3] The further contention of appellant that the court in this instruction invaded the province of the jury by expressing an opinion on a question of fact is not well founded. The court in this instruction suggested "That the defendant urges that although he may have been guilty of a technical violation of the law, he was innocent of any guilty purpose connected therewith." This was not an expression of opinion by the court that the defendant was guilty of any violation of the law. In another instruction the judge directly informed the jury that he did not intend to intimate any opinion as to what facts were or were not established or what inferences should be drawn from the evidence adduced.

[4] It is further contended that the court invaded the province of the jury in the second sentence of the following quotation: "The defendant has introduced testimony tending to prove that he was at 512 California Street, at time of commission of crime charged in the information. The state has introduced evidence connecting defendant with commission of crime at 1017 No. Broadway." But immediately following the quoted statement the court informed the jury "that in this contradiction of witnesses the jury have to determine for themselves where lies the truth."

From this and other portions of the same instruction, it is plain that the court was not expressing an opinion that the evidence was actually sufficient to connect the defendant with the commission of any crime.

The judgment is affirmed.

Curtis, J., concurred.

Houser, J., dissented.