[Crim. No. 1640.   Third Appellate District.—July 16, 1938.]

THE PEOPLE, Respondent, v. ELMER BROWN, Appellant.

S. P. Galvin for Appellant..

U. S. Webb, Attorney-General, and Gordon S. Hughes, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Defendant was charged, arraigned, tried and found guilty of assault with a deadly weapon with intent to commit murder.

This is an appeal from the judgment of conviction and from the order denying the motion for a new trial.

It appears that about 6:30 o'clock on the evening of February 25, 1938, James Estep, a cotton farmer, went to his cotton camp near Dos Palos in Merced County, and was met by the defendant carrying a .22 rifle, who fired upon Estep, one of the bullets taking effect. The defendant then left camp in an automobile, but was captured a few miles from the camp. There is evidence that the defendant had been drinking, and also testimony that after the assault defendant had made statements that he shot Estep and intended to kill him.

On this appeal defendant contends that the court erred in giving certain instructions requested by the prosecution, and that by reason thereof the jury was misled to the prejudice of the defendant. Under the charge of assault with a deadly weapon with intent to commit murder, it is incumbent upon the prosecution to prove a specific intent to commit murder, and being an essential ingredient of the crime, the

intent cannot be inferred or presumed from the commission of an unlawful act. (*People* v. *Landman,* 103 Cal. 577 [37 Pac. 518]; *People* v. *Johnson,* 106 Cal. 289 [39 Pac. 622]; *People* v. *Maciel,* 71 Cal. App. 213 [234 Pac. 877].)

█ On examining the instructions given it is apparent the jury were charged in effect that while intent to commit murder must be proved, proof of the commission of the unlawful act of discharging the rifle and shooting the complaining witness was presumptive proof that the defendant intended to commit murder; also that if it were established that the defendant shot Estep, that constituted proof that he intended to kill him.

Among the instructions given was the following:

"I instruct you that if you are convinced to a moral certainty and beyond a reasonable doubt that the defendant Elmer Brown intended to do an unlawful act and did wilfully do an unlawful act he is thereby presumed to have intended all the natural, probable and usual consequences of this act, unless there is evidence to controvert this presumption."

Also in the following instruction the court, in effect, told the jury the burden was on the defendant to prove lack of intent:

"If you are convinced to a moral certainty and beyond a reasonable doubt that the defendant intended to do an unlawful act and did wilfully do it, he is presumed to have intended all the natural and probable consequences of the act unless he controverts this presumption by evidence on his own part."

In this instruction the jury were not only advised that a presumption of law that he intended to kill arose from the shooting, but the jury were also advised that he must controvert this presumption. This is incorrect. There is no burden placed upon the defendant to prove lack of intent. The burden is upon the prosecution to prove the intent.

In the case of *People* v. *Maciel, supra,* the defendant was charged with assault with a deadly weapon with intent to commit murder. The court there gave the following instruction:

"In every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence; but when the act committed by the accused is of itself an unlawful act, the law in the first instance presumes the criminal

intent and the burden of proof falls upon the defendant to show the absence of criminal intent.''

It was contended upon the part of the defendant therein that this instruction violated the rule that whenever a specific intent was an essential ingredient no presumption of law arose as to the existence of such intent, for it was a fact to be proved like any other fact in the case. The court considering this, said that while the first portion of the instruction was in the language of section 20 of the Penal Code, the latter portion was erroneous and prejudicial. The court stated that the jury were charged that when the act committed by the accused was unlawful, the law raised the disputable presumption that the act was intended, and that the person doing it, if done voluntarily, also intended the ordinary consequences of the act. This the court held was an instruction stating a rule of evidence, citing *People* v. *Abbott,* 2 Cal. Unrep. 383, 387 [4 Pac. 769]. The court also held that had the court worded its instruction as contemplated in section 1963 of the Code of Civil Procedure it would have been proper, but the vice in the instruction as given lay in the fact that it went beyond the rule that an accused who had done an unlawful act was presumed to intend to have done that act, and asserted that when the act committed by the accused was unlawful, the law presumed the criminal intent without telling the jury what the criminal intent was which the law presumed. The court held that the words ''criminal intent'' were broad enough to include any and every unlawful intent which was embraced within the crime charged against the appellant. ''It is only when the criminal intent is not made an affirmative element of the crime that the law presumes that the act if voluntarily done was done with criminal intent. When a specific intent is an element of the offense it presents a question of fact which must be proved like any other fact in the case. Where one is charged with assault with intent to commit murder and it is proved that he fired a loaded pistol at another, there is no presumption of law that he intended to murder the person thus fired at.'' (*People* v. *Maciel, supra.*)

The court there held also that the vice of the foregoing instruction was not cured by another instruction to the effect that the defendant could not be convicted of the crime of assault with a deadly weapon with an intent to commit murder

616

unless the jury believed beyond a reasonable doubt that the assault was committed with intent to commit murder.

In the instant case the instruction was to all intent and purposes the same instruction as that given in the case of *People* v. *Maciel, supra.*

In *People* v. *Mize,* 80 Cal. 41 [22 Pac. 80], the jury were instructed that every person is presumed to have intended the natural and probable consequences of his act and therefore "if the jury believe that the defendant did shoot at said Henry Coffee as charged in the indictment, and the natural and ordinary consequences of such shooting would be the death of said Henry Coffee, then the presumption of law is that the defendant so shooting did shoot at said Henry Coffee with intent to kill him."

The court in condemning this instruction said:

"In homicide cases where the killing is proved, it rests on the defendant to prove justification, excuse or circumstances of mitigation subject to the qualification that the benefit of the doubt is to be given to the prisoner, but this is because the statute expressly shifts the burden of proving circumstances of mitigation of the defendant in homicide cases. The rule is confined to murder cases. This is an exception to the general rule that where a specific intent is an essential element of a crime, that the intent must be established as a fact."

In the present case the jury were instructed substantially to the same effect. By this instruction the jury were advised that the firing of the weapon warranted them finding it was the intention of the defendant to commit murder, and that in the absence of other evidence that would show that it was not the intention, the jury were justified in finding that it was the intention of the defendant to commit murder. As pointed out in the Mize case, *supra,* there is no shifting of the burden except in that of murder, and this instruction tells the jury that the burden had shifted to the defendant to prove by other evidence that it was not his intention to commit murder. It was also held in the Maciel case, *supra,* that such an erroneous instruction was beyond the reach of the saving clause of section 4½ of article VI of the Constitution.

In *People* v. *Mize, supra,* the court said that had the defendant been convicted of one of the lesser offenses included with the crime charged then the vice of the erroneous instruction could have been disregarded. ■ In the present case

the evidence discloses that the defendant was clearly guilty of assault with a deadly weapon, and in reversing this case we do so with instructions hereinafter set forth.

The second point made by appellant is that an instruction which was submitted after the other instructions had been presented and after the time set by the trial court for presentation of instructions, was improperly refused. This instruction was endorsed by the trial judge, "Offered by the defendant too late. E. N. Rector." Noncompliance with a rule of court fixing the time for presentation of requested instructions is of itself sufficient to authorize a refusal. (*Steinberger* v. *California Elec. etc. Co.*, 176 Cal. 386 [168 Pac. 570].) If there is a rule requiring instructions to be handed to the judge at a specified time during the progress of the trial it is not error for the court to refuse to give an instruction if not submitted at the required time, and it is immaterial whether the requested instruction be good or bad law. (*Waldie* v. *Doll*, 29 Cal. 555.) Therefore the court was entirely within its right in refusing to give the proffered instruction when offered at a time not within the scope of the rule.

The judgment from which this appeal is taken is reversed, and the defendant remanded to the trial court with instructions to modify the judgment of assault with intent to commit murder, to assault with a deadly weapon, and that defendant be sentenced accordingly.

The order denying a new trial is affirmed.

Thompson, J., concurred.