[Crim. No. 4287. In Bank.—July 24, 1940.]

THE PEOPLE, Respondent, v. MARTIN M. SNYDER, Appellant.

Jerry Giesler and S. Ward Sullivan for Appellant.

Earl Warren, Attorney-General, Bayard Rhone, Deputy Attorney-General, Buron Fitts, District Attorney and Ugene U. Blalock, Deputy District Attorney for Respondent.

THE COURT.—Defendant was convicted by a jury of attempted murder. He appeals from the judgment and from an order denying a new trial.

The evidence of the prosecution indicates that appellant was the aggressor. Appellant's testimony, on the other hand, discloses that he acted in apparent self-defense. In view of our conclusion it is unnecessary to detail the circumstances surrounding the shooting of the victim. ■ We find there is merit in the appellant's contention that the trial court committed prejudicial error in charging the jury generally that a person is presumed to intend to do that which he voluntarily and wilfully does in fact do, and is also presumed to intend all the natural, probable and usual consequences of his acts. Appellant does not challenge the propriety of such an instruction in a homicide case where, under the authorities, the malice and intent are presumed from the unlawful killing and the burden is shifted to the defendant to establish mitigating circumstances and justification for the homicide, nor does he question the application of such an instruction in a case where the offense charged does not require proof of a specific intent. But where, as here, the crime of which the defendant stands convicted, viz., attempted murder, requires proof of a specific intent to kill the victim, appellant contends that such intent, like any other fact or essential of the crime, must be proved by evidence or the inferences reasonably deducible therefrom and may not be based upon a presumption. The authorities support the appellant's contention. (*People* v. *Miller,* 2 Cal. (2d) 527, 532, 533 [42 Pac. (2d) 308, 98 A. L. R. 913]; *People* v. *Jones,* 160 Cal. 358, 370, 371 [117 Pac. 176]; *People* v. *Landman,* 103 Cal. 577, 580 [37 Pac. 518]; *People* v. *Mize,* 80 Cal. 41, 42, 44, 45 [22 Pac. 80]; *People* v. *Brown,* 27 Cal. App. (2d) 612, 614–616 [81 Pac. (2d) 463]; *People* v. *Maciel,* 71 Cal. App. 213, 217–220 [234 Pac. 877]; *People* v. *Ramirez,* 64 Cal. App. 358, 360, 361 [221 Pac. 960].)

In the Miller case, first above cited, where, as here, the offense charged was attempted murder, it is declared that "intent is an essential element to be alleged and proved as a fact, and may not rest upon a presumption". The rule is stated in the Mize case, *supra*, as follows: "It is doubtless true that, as a general rule, a man is presumed to have intended that which he has done, or that which is the immediate and natural consequence of his act, but where an act becomes criminal only when it has been performed with a particular intent, that intent must be alleged and proved. It is for the jury, under all the circumstances of the case, to say whether the intent

required by the statute to constitute the offense existed in the mind of the defendant. This charge withdrew from the jury the consideration of the question whether the defendants intended to kill Coffey. The defendants claimed that they were acting in self-defense, [as did defendant here] and upon real or apparent danger. . . . To tell the jury, therefore, that if they believed the defendants had shot at Coffey, and that the natural and ordinary consequences of the shooting would be the death of Coffey, the law would presume them guilty of an intent to kill him, was erroneous, because it entirely disregards the question whether the defendants acted in good faith, and to defend themselves against real or apparent danger. In homicide cases, where the killing is proved, it rests on the defendant to show justification, excuse, or circumstances of mitigation, subject to the qualification that the benefit of the doubt is to be given to the prisoner; but this is because the statute expressly shifts the burden of proving circumstances of mitigation upon the defendant in homicide cases. The rule is confined to murder trials.''

The other cited cases are substantially to the same effect. It is true that in some of the above cases the objectionable instructions went further than those here involved in that they expressly placed the burden on the defendant to ''controvert the presumption by evidence on his own part''. However, the instructions here complained of at least impliedly placed the same burden upon the defendant. Aside from this, the real vice of such instructions is in the charge to the jury that the specific intent essential to the commission of a crime less than homicide may be presumed from the doing of the unlawful act or that a finding of such specific intent may be based upon the presumption that one intends the natural, probable and usual consequences of his act.

█ The attorney-general while conceding the correctness of the rule announced in the above-cited authorities, directs our attention to the fact that other instructions were given on the subject of specific intent wherein the jury was in effect charged that to convict the defendant they must be satisfied beyond a reasonable doubt not only that he used a deadly weapon upon his victim but that he did so with malice aforethought and with the specific intention of taking the life of the victim. Obviously, the latter type of instruction did not preclude the jury from basing a finding of specific intent on

the presumption referred to in the objectionable instructions. This matter is discussed in the Maciel case, *supra*, wherein it is declared that ''The vice of the instruction was not cured by what was said in other parts of the charge to the effect that the defendant could not be convicted of the crime of assault with a deadly weapon with an intent to commit murder unless the jury believed beyond a reasonable doubt that the assault was committed with such intent to murder. The force of the objectionable instruction was left untouched, and its meaning was left unchanged and unimpaired. It and the other instructions, when considered together, amounted to no more than this: 'To warrant the jurors in convicting the defendant of the crime of assault with a deadly weapon with intent to commit murder they must believe beyond a reasonable doubt that the defendant assaulted Rosas with a deadly weapon, with malice aforethought and with the intention of taking the life of Rosas; but if the evidence shows that defendant unlawfully discharged a loaded pistol at Rosas, that act in itself will be sufficient ground for the jury to infer the existence of such malice aforethought and intent to kill.' '' To the same effect is *People* v. *Brown, supra*, 615.

█ It is true that the defendant was charged in other counts of the indictment with distinct offenses some of which did not require proof of a specific intent, and as to which the instructions under discussion were appropriate. However, the trial court charged the jury that ''All of the instructions as given to you by the court are to be considered as applying to each of the counts set forth in the indictment, unless I shall limit your consideration of any particular instruction to any particular count, in which event it will be your duty to consider such instruction only as respects such particular count referred to.'' The trial court did not confine the instructions under consideration to those offenses charged which did not require proof of a specific intent. On the contrary, it refused an instruction requested by the defendant to the effect that the firing of a gun at the victim ''in itself creates no presumption of law that defendant intended to murder the person fired at''. In the absence of an appropriate limitation in the pertinent instructions, we cannot now say that the jury did not rely, improperly, upon the presumption in finding the defendant guilty of attempted murder. █ Nor are we confronted with a case wherein the

error is rendered harmless by virtue of the defendant's conviction of an included offense, or of a distinct offense, not requiring proof of a specific intent. On the contrary, defendant was convicted solely of an offense requiring proof of a specific intent and, as indicated, it is impossible to now state that the jury was not influenced in its deliberations and verdict thereon by the inapplicable instructions. Under such circumstances, the authorities above cited expressly declare that the error is beyond the reach of the saving grace of section $4\frac{1}{2}$ of article VI of the Constitution. (*People* v. *Brown, supra,* 616; *People* v. *Maciel, supra,* 219.)

The judgment and order appealed from are and each is reversed and a new trial is ordered on the charge contained in count three of the amended indictment.