THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SAMUEL MELÉNDEZ MARTÍNEZ, k/a JULIO RODRÍGUEZ RAMÍREZ, Defendant and Appellant.

No. Cr–62-142.    Decided October 23, 1962.

*Samuel Meléndez Martínez,* pro se. *Eduardo López Dosal* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

Samuel Meléndez Martínez was charged in the San Juan Part of the Superior Court with the crime of attempt of burglary in the first degree, consisting in that during the hours of the night of August 1 to 2, 1959, in Santurce, P. R., he illegally, wilfully, and maliciously, and with the intent to commit theft or pilferage, tried to enter the residence of Pedro Acosta Rivera, but was not successful because of the intervention of other persons. The trial was held before a jury and he was convicted of the crime and sentenced to serve from one to five years' imprisonment in the penitentiary at hard labor.

He appealed before us and after the record was sent up we appointed attorney Eduardo López Dosal to represent the defendant-appellant in this appeal and to offer him the necessary aid so that he could fully exercise his right of appeal.

Notwithstanding this appointment, defendant, on his own right, filed a so-called brief. Shortly thereafter, the aforesaid attorney filed his brief in support of the appeal, in which he accomplished a laudable task in favor of his defendant. The Solicitor General has answered both briefs.

In the brief presented by defendant-appellant's attorney, two errors are assigned, namely: (1) the nullity of the judgment because the specific intent to commit theft or pilferage was not proved, and (2) having given the jury certain instructions on the matter of intent.

■ 1. As we stated in *People* v. *Palóu*, 80 P.R.R. 351, 370 (1958) "being a subjective question, a specific intent is manifested by the means, manner, and circumstances of performing an act."

The testimony of the main witness introduced by The People, named José Antonio Maldonado, proved the following facts: that said witness in the night of August 1 to 2, 1959, in Santurce, P.R., was acting as night watchman of several residences, among which was that of Pedro Acosta Rivera; that about two fifteen in the morning of August 2, while he was near that residence he heard a dog barking; with a flashlight he lighted the interior part of the house's yard and saw defendant with a wooden plank bending or "forcing a Miami blind type of window," of a small house which was part of the residence and which was used to keep a washing machine and "odd things"; that he then called Mrs. Acosta and she "got up and turned on the light"; that he immediately tried to catch defendant but the latter ran out into the street; at that moment the Police arrived at the place in a vehicle and was informed by him of what had occurred; after pursuing defendant the Police managed to arrest him. Excepting the fact of watching defendant force the window, his testimony was corroborated by the testimony of Luz María Baldrich Acosta and by policeman Arturo Pagán.

■ As properly set forth by The People in its brief: defendant was surprised in the yard of a residence which was not his own (at two fifteen in the morning) while he was trying to force a window which was in good condition before that night and which was bent after appellant escaped. The latter did not explain his presence in the aforesaid place, but on the contrary, he denied having entered the yard. The evidence was contradictory and the jury gave credit to that of The People, from which the jury was clearly able to make reasonable inferences as to the existence of a specific intent to commit theft or pilferage. *People* v. *Torres*, 81 P.R.R. 659 (1960); *People* v. *Rivera*, 67 P.R.R. 275 (1947); and *People* v. *Rosado*, 79 P.R.R. 23 (1956).

■ We do not deem it necessary to prove that in the house in which the window was forced by defendant "there was property of determined monetary value." It appeared from the evidence that the toys of a little girl and the washing machine were kept therein. It was not empty as appellant supposes. It is stated in 2 WHARTON, Criminal Law and Procedure 63, § 439:

"In a prosecution for common-law burglary or a statutory redeclaration of common-law burglary, it is immaterial that the building or the part of the building where the defendant broke and entered did not contain any property or the property which he sought. This necessarily follows from the fact that the offense is completed at the moment that the defendant breaks and enters, without more, and without regard to whether he carries out his intention."

■ 2. The instruction on the specific intent was given correctly. We find that it conforms to law, that it is impartial and, in certain aspects, favorable to appellant.

The cases of Mize, Landman, Flores, Jones, Miller, Brown, and Snyder,[1] all from California, cited by appellant's at-

---

[1] *People* v. *Mize*, 80 Cal. 41; *People* v. *Landman*, 103 Cal. 577; *People* v. *Flores*, 86 Cal. App. 235; *People* v. *Jones*, 160 Cal. 358; *People* v. *Miller*, 2 Cal.2d 527; *People* v. *Brown*, 27 Cal. App.2d 612; *People* v. *Snyder*, 15 Cal. 2d 706.

torney, refer to attempts to commit murder, except that of *Flores*. We have studied them carefully and we find that they do not support his contention on the nullity of the instructions given in any way whatsoever. In most of them it was held that in the cases of attempt to commit murder the general instruction that it is assumed that every person intends the ordinary consequence of an act voluntarily committed by himself was not sufficient.

The case of Flores is one of burglary. There was no direct evidence of defendant's entering the home of a certain Bandoni in the county of Fresno. But a watch and several coins missing in that residence were seized from him. He did not give a reasonable explanation for the possession of those objects. The verdict of guilty was affirmed.

Our decision in *People* v. *Marchany*, decided October 20, 1961, on attempt of burglary in the first degree, rather prejudices than favors defendant. We affirmed the judgment therein and stated in part:

"It is pointed out that the evidence was insufficient since 'the specific intent' to commit theft or pilferage or any other serious crime was not shown. The testimony of the witness for the prosecution was to the effect that defendants were surprised by the police patrol at one thirty in the morning, while they were trying to force a window of an establishment known by the name of 'Agua Marina,' and that according to the testimony of its owner it had been properly closed the night before, and in spite of this, the window was forced, it had a broken slat; that when surprised, one of the appellants fled and the other was captured; that on the following day Marchany stated that García 'was trying to break into the establishment' (Tr. Ev. 34) and the latter remained silent and did not make any denial or protest whatsoever. The evidence of the defense tended to establish that both defendants were seeking shelter from the rain in another establishment called 'Joe's Bar' which is located near the 'Agua Marina.' In *People* v. *Rosado*, 78 P.R.R. 416, 421 (1955), we pointed out that in the offense of burglary the intent plays an important role and 'the determination of whether or not it existed must be left entirely to the trier of facts.' In

the present case the jury settled the conflict on the evidence against defendants, and that of The People, which undoubtedly deserved credit, points out the intent had by defendants in the commission of the facts of the crime which was frustrated by the timely intervention of the agents. It should not be forgotten that the intent is a subjective condition which is manifested only by the means, manner and circumstances of performing an act. *People* v. *Palóu,* 80 P.R.R. 351 (1952); *People* v. *District Court and Colón, Int.,* 74 P.R.R. 783, 799 (1953); *People* v. *Ramírez,* 41 P.R.R. 742 (1931); *cf. People* v. *Pérez,* 48 P.R.R. 704 (1935)."

In the brief prepared by defendant-appellant himself two errors are assigned. The first, in its essence, is similar to what his attorney points out and argues as "First Error," that is, absence of elements in the evidence to establish the specific intent to commit theft or pilferage.

█ The second raises the issue of the impropriety of a question that a juror asked him when he was testifying as his own witness. It appears from the record that defendant testified as witness in his own defense and that to the questions of his attorney, among other things, he stated:

"... When I was crossing one more block, the Police 'jeep' appeared with Sergeant Modesto Ortiz here and they detained me. They tried to arrest me and I did not let them arrest me, not because I had committed a crime, but because at the same time I had committed a crime in fighting with that man—he was referring to the watchman who had surprised him that night— but I was fleeing from the Police because I was on parole and if they arrested me I was automatically going to lose the parole, and I was going to jail any way." Tr. Ev. 31.

Then he was asked by his attorney and he answered as follows:

"Q. You say that if the Police arrested you, you ran the risk that your parole would be cancelled and finally you were arrested by the policeman?
"A. I had been drinking previously and I knew I was breaking the rules but not in a case like this, since mainly I

knew that I would be harming myself more than necessary because now this was a case which the Police was bound to intervene in.

"Q. Is that why you ran?

"A. I ran."

On cross-examination, when the prosecuting attorney asked him about the motive he had for refusing to say something to the sergeant about that night's occurrences, he answered:

"I did not mention it; they searched me and I could not mention I was on parole." Tr. Ev. 26.

Defendant's attorney asked him again: "You did not mention it to him because you were on parole? and he answered: "Yes, sir." Shortly after one of the members of the jury asked defendant:

"Witness, for what crime were you on parole?"
He answered:
"For a crime of attempt to commit murder." Tr. Ev. 37.

Defendant-appellant himself contends that that question prejudiced him "and the result was that he did not enjoy an impartial deliberation as required by law, since the fact that he was a prisoner on parole had more weight than the scarce evidence introduced by the prosecuting attorney's office."

■ Under the attendant circumstances we do not consider this incident as ground to reverse the judgment appealed from. It was defendant himself in answering his attorney repeated questions who brought up the discussion several times, the fact that he was on parole. When he sat down to testify he became a witness subject to the same rules and procedures as any other witness. The whole content of his testimony was subject to be clarified and investigated. *People* v. *Archeval*, 74 P.R.R. 478, 482, 483 (1953).

■ On the other hand, we believe that the evidence which The People had introduced against him before those state-

ments is sufficient to support the verdict. It did not concern a crime of subsequent offense. To contradict him the prosecuting attorney could introduce as evidence his previous conviction for a serious crime. Any possible prejudice was cured by the judge in giving, among others, the following instruction:

"Of course, the issue which has arisen the problem of whether he did or did not really and effectively break one of the conditions on which he was on parole, and whether it was or was not cancelled with reason, is a completely different problem from the one which is under consideration today. Likewise, his statement respecting the claim of attempt to commit murder is a problem which is not under our consideration. You must decide the case of the charge made against him from the facts respecting August 1 to 2, 1959, and not from any other bad deed which he might have committed at some other time in his life." Tr. Ev. 49.

The errors assigned and discussed in the brief of defendant-appellant himself as well as in that of his attorney were not committed, and hence, the judgment appealed from will be affirmed.