NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RICHARD JOHN CARRIER, *Appellant.*

No. 1 CA-CR 13-0467
FILED 11-04-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-005791
The Honorable Robert E. Miles, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry Adams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Margaret H. Downie joined.

---

**K E S S L E R**, Judge:

¶1        Defendant-Appellant Richard John Carrier ("Carrier") was tried and convicted of two counts of theft of means of transportation and one count of criminal trespass in the second degree. The superior court sentenced him to 11.25 years' imprisonment. Counsel for Carrier filed a brief in accordance with *Anders v. California,* 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999). Finding no arguable issues to raise, counsel requests that this Court search the record for fundamental error. Carrier has submitted a supplemental brief *in propria persona*, raising the following issues: (1) that the evidence presented at trial is insufficient to sustain the verdict, and (2) that the superior court and advisory counsel violated Carrier's Sixth Amendment right to self-representation by conducting pre-trial proceedings in Carrier's absence, without his consent. For the reasons that follow, we affirm Carrier's conviction and sentence.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        After noticing a commercial vehicle that appeared to have had its commercial markings painted over with fresh paint, Phoenix Police Officer R.C. ("Officer R.C.") pulled his motorcycle in front of the commercial vehicle. Officer R.C. dismounted his motorcycle, approached the commercial vehicle, and instructed the driver to follow him to a nearby street in order to conduct a commercial vehicle inspection. However, Officer R.C. noticed the vehicle was not following, made a U-turn, and saw the commercial vehicle travelling at a high rate of speed in a different direction.

¶3        When Officer R.C. caught up with the commercial vehicle, it was off the side of the road with the driver's side door open. No one was inside the vehicle. A witness told Officer R.C. that the driver had run north, into a fenced commercial yard, equipped with surveillance cameras. After running the DOT registration and contacting the owners, Officer R.C. and another responding officer discovered that the commercial vehicle had been stolen from Sedona Bottling Company. Shortly thereafter, a canine

unit arrived. The canine unit located Carrier in Roadrunner Towing's commercial yard and pulled him out from under a car, covered with a tarp.

¶4　　　　Carrier was charged with two counts of theft of means of transportation and one count of criminal trespass. Carrier waived his right to an attorney and to a jury trial. The superior court appointed advisory counsel for him and found both of these waivers to be made by Carrier knowingly, intelligently, and voluntarily. After a four day bench trial, the court convicted Carrier on all counts and sentenced him to 11.25 years' imprisonment for each count of theft of means of transportation and four months' imprisonment for criminal trespass, to run concurrently. Carrier was awarded 426 days of presentence incarceration credit.

¶5　　　　Carrier's appeal is timely. This Court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003) and 13-4033(A)(1) (2010).

## DISCUSSION

¶6　　　　In an *Anders* appeal, this Court must review the entire record for fundamental error. Error is fundamental when it affects the foundation of the case, deprives the defendant of a right essential to his defense, or is an error of such magnitude that the defendant could not possibly have had a fair trial. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005); *State v. Gendron,* 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991).

¶7　　　　After reviewing the entire record, we find no meritorious grounds for reversal of Carrier's convictions or modification of the sentences imposed. The record reflects Carrier had a fair trial and the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The evidence supports each of the convictions. A reasonable trier of fact could conclude that Carrier was the driver of the stolen commercial vehicle, and that Carrier was present in the Roadrunner Towing's commercial yard without permission. Finally, Carrier's Sixth Amendment and due process rights were not violated because no proceedings of substance took place in his absence or without his consent.

I.　　Sufficiency of Evidence

¶8　　　　In reviewing the sufficiency of evidence at trial, "[w]e construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12, 967 P.2d 106, 111 (1998). "Reversible error based

on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200, 928 P.2d 610, 624 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424–25, 555 P.2d 1117, 1118–19 (1976)).

### A. Theft of Means of Transportation

**¶9** "A person commits theft of means of transportation if, without lawful authority, the person knowingly . . . [c]ontrols another person's means of transportation with the intent to permanently deprive the person of the means of transportation." A.R.S. § 13-1814(A)(1) (2010). Carrier was charged with two counts of theft of means of transportation, as the commercial vehicle consisted of both a truck and a trailer, which are considered to be separate vehicles for purposes of A.R.S. § 13-1814. *See* A.R.S. §§ 13-1801(A)(9) (2013), 28-101(55), (56) (2012).[1]

**¶10** At trial, the State presented evidence that Carrier did not have permission or authority to be operating the commercial vehicle. Officer R.C. identified Carrier as the driver of the stolen commercial vehicle. Further, Carrier was found under a car covered with a tarp in the Roadrunner Towing lot to which the driver was likely to have fled.

**¶11** Finally, "intent may be inferred from conduct where it is plainly indicated as a matter of logical probability." *State v. Wilson*, 120 Ariz. 72, 74, 584 P.2d 53, 55 (App. 1978). In this case, Carrier's intent to permanently deprive the owner of the vehicle can be inferred from the fact that the identifying markings on the vehicle had recently been painted over. *See State v. Dixon*, 216 Ariz. 18, 21, ¶ 10, 162 P.3d 657, 660 (App. 2007) (noting that the circumstances under which the defendant had come to possess the truck, drive it, and attempt to change its color were all subject to scrutiny for weight and credibility). The finder of fact could also reasonably infer that Carrier knew that the vehicle was stolen, as he identified himself as working for the vehicle's owner, Sedona Bottling Company, when stopped by the police.

**¶12** The above evidence is sufficient to support Carrier's conviction of the theft counts.

---

[1] We cite to the current versions of statutes when no changes material to this decision have since occurred.

B.      Criminal Trespass

**¶13**        "A person commits criminal trespass in the second degree by knowingly entering or remaining unlawfully in or on any nonresidential structure or in any fenced commercial yard."  A.R.S. § 13-1503(A) (2010). The owner of Roadrunner Towing testified that Carrier did not have permission to be in his fenced commercial yard.  Surveillance video showed that Carrier had been in the yard.  Further, Carrier was found in the yard by police, under a car covered with a tarp.

**¶14**        The above evidence is sufficient to support Carrier's conviction of criminal trespass in the second degree.

II.     Acting Without Defendant's Consent or Presence in Violation of Sixth Amendment

**¶15**        Carrier has alleged that the superior court and advisory counsel violated his Sixth Amendment right to self-representation by conducting proceedings in Carrier's absence without his consent.  We disagree.

**¶16**        The Sixth and Fourteenth Amendments to the United States Constitution provide for: (1) the right to effective representation by counsel, and (2) the right to self-representation.  *Faretta v. California*, 422 U.S. 806, 818, 821 (1975) (stating self-representation is "part of the 'due process of law' that is guaranteed by the Fourteenth Amendment" and the Sixth Amendment "implies a right of self-representation"); *see also State v. Lamar*, 205 Ariz. 431, 435–36, ¶ 22, 72 P.3d 831, 835–36 (2003).  The right to self-representation is also explicitly guaranteed in Article 2, Section 24, of the Arizona Constitution.  *State v. Cornell*, 179 Ariz. 314, 324, 878 P.2d 1352, 1362 (1994); *State v. Martin*, 102 Ariz. 142, 144, 426 P.2d 639, 641 (1967) (stating that the Arizona Constitution "vest[s] in a defendant the 'explicit' right to defend himself").

**¶17**        The Sixth Amendment guarantees the accused the right to be present at all stages of trial where his or her absence might frustrate the fairness of the proceedings.  *Faretta*, 422 U.S. at 819 n.15; *see also State v. Fitzgerald*, 232 Ariz. 208, 214, ¶ 31, 303 P.3d 519, 525 (2013) (holding that, under the Sixth and Fourteenth Amendments and Article 2, Section 24 of the Arizona Constitution, a defendant has a constitutional right to be present at every stage of a trial when his presence has a reasonably substantial relationship to his opportunity to defend against the charge). Furthermore, the Arizona Supreme Court has held that the Sixth Amendment specifically provides for a defendant's right to attend pretrial

proceedings critical to the outcome of the criminal proceeding whenever the defendant's presence would contribute to the fairness of the procedure. *State v. Forde*, 233 Ariz. 543, 560, ¶ 52, 315 P.3d 1200, 1217 (2014). Other courts have found, however, that pro se defendants' due process rights are not violated when proceedings dealing with mere procedural issues take place in the defendant's absence. *See People v. Purcelle*, 966 N.Y.S.2d 608, 609 (App. Div. 2013).

¶18 On the first day of trial, Carrier was not transported to court, and scheduling matters were discussed before Carrier arrived, including the postponement of the beginning of the trial until the next day. The parties present included the superior court judge, Carrier's advisory counsel, and the prosecutor for the State. The court discussed where Carrier was and how to get him to court quickly. The State offered to proceed in absentia, which the court refused. The court then discussed whether to release the witnesses for the day, and when to restart the proceedings the following day. After a brief recess, the court reconvened with Carrier present. A review of the record revealed no other instances in which Carrier was not present.

¶19 Here, the superior court simply discussed scheduling conflicts and whether it was possible to transport Carrier to court in time to proceed. The portion of the proceeding for which Carrier was not present cannot reasonably be described as critical to the outcome, and Carrier's presence would not have contributed to the fairness of that proceeding. Rather, his presence would merely have rendered the scheduling discussion moot, and the trial would have begun. Therefore, we find that the failure to transport Carrier and the proceedings that took place in his absence did not constitute a violation of Carrier's Sixth Amendment right to self-representation.

III. Sentencing

¶20 Carrier was sentenced to concurrent presumptive terms for each offense. For Counts 1 and 2, theft of means of transportation, a class three non-dangerous repetitive felony, the superior court sentenced Carrier to 11.25 years' imprisonment. For Count 3, criminal trespass in the second degree, a class two non-dangerous non-repetitive misdemeanor, the superior court sentenced Carrier to four months' imprisonment. Carrier received 426 days of presentence incarceration credit.

¶21 Because Carrier was sentenced to the presumptive sentence for a category three repetitive offender, an explicit analysis of the

aggravating and mitigating factors was not necessary. It is only when aggravating or mitigating circumstances are relied upon to vary from the presumptive sentence that the superior court must articulate at sentencing the factual findings and the reasons in support of the findings. *State v. Winans*, 124 Ariz. 502, 505, 605 P.2d 904, 907 (App. 1979). There is no requirement that judges specifically state information that will not be used in the sentencing decision. *Id.*

¶22 After careful review, we find Carrier's sentence to be supported by the record, as the sentences imposed were within the sentencing range for Carrier's offenses.

## CONCLUSION

¶23 After careful review of the record, we find no meritorious grounds for reversal of Carrier's convictions or modification of the sentences imposed. The evidence supports the verdict, Carrier's Sixth Amendment right to self-representation was not violated, and the sentences imposed were within the sentencing limits. Accordingly, we affirm Carrier's convictions and sentences.

¶24 Upon the filing of this decision, counsel shall inform Carrier of the status of the appeal and his options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Carrier shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh