605 P.2d 904
**STATE of Arizona, Appellee,**

v.

**Charles Richard WINANS, Appellant.**

**No. 1 CA–CR 4040.**

Court of Appeals of Arizona,
Division 1,
Department C.

Dec. 11, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Judge.

In the early morning hours of January 20, 1979, Charles Richard Winans and another were apprehended by officers of the Phoenix Police Department while hiding in the office of a physician. The officers had been summoned by a silent burglar alarm in the office. An information was subsequently filed charging Winans with third degree burglary. A.R.S. §§ 13–1501, 13–1506. Winans pled guilty to the charge and following entry of judgment of guilt, he was sentenced to a term of two and one-half years imprisonment. Winans' sole allegation in this appeal is that the trial court erred in sentencing him to the maximum term.

Under the terms of the Arizona Criminal Code, effective October 1, 1978, third degree burglary is a class 5 felony. A.R.S. § 13–1506(B). The presumptive sentence for a class 5 felony is two years. A.R.S. § 13–701(B)(4). This presumptive sentence may be increased 25 per cent or decreased 50 per cent, according to the presence or absence of mitigating or aggravating circumstances, as set forth in A.R.S. § 13–702(D) and (E). A.R.S. § 13–702(A). At the time of sentencing, the following colloquy occurred:

"THE COURT: I have considered the file in this case and pre-sentence report which was available in this Court since March 7th, 1979. I have read the file and so has [sic] your lawyers, and I have considered the time you spent in jail which I calculate to be approximately 49 days from the date of incarceration which was January 20th, 1979.

"Do you have anything you'd like to tell me about yourself before I pass sentence on you?

"THE DEFENDANT: Yes, sir. I have been under a strain from all my drinking and I haven't got myself in any trouble before other than when I was drinking. That's the problem with me.

"THE COURT: That's probably right, but it's your third felony conviction in about a year. You were previously sent

down to the Arizona State Prison for two prior offenses.

\*    \*    \*    \*    \*    \*

"THE COURT: This Court having heard and considered the facts on the law relevant thereto, the Court is of the opinion that any attempt of probation would not be appropriate and the sentence of incarceration is called for.

"I have considered all of the facts and circumstances presented to the Court and have determined that the aggravating circumstances occurred and are sufficiently substantial to call for a greater term than for a lesser term than is authorized by law. I have determined that the following aggravating circumstances are those which call for a greater term.

"One, the defendant committed his crime while he was on parole.

"Two, this is the defendant's third conviction of a felony since December 16th, 1977. He previously had been on probation. He violated the probation.

"Four [sic], that the defendant has an alcohol related problem and hasn't done a damned thing about it.

"For all of these reasons and no legal cause appearing, it is ordered that you be incarcerated in the Arizona State Prison for the maximum term allowed by law, two and a half years."

A.R.S. § 13–702(D) sets forth a list of aggravating circumstances which the court should consider in sentencing. The provision relevant to the court's finding of aggravation herein is as follows:

"9. Any other factors which the court may deem appropriate to the ends of justice."

A.R.S. § 13–702(E) likewise sets forth the mitigating circumstances to be considered. Factors pertinent to this appeal are as follows:

"2. The defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was significantly impaired, but not so impaired as to constitute a defense to prosecution.

"3. The defendant was under unusual or substantial duress, although not such as to constitute a defense to prosecution."

The presentence report indicated that appellant was intoxicated at the time of the offense and that he was experiencing domestic problems with his wife. Thus, the parties do not dispute that the trial court could have found mitigating factors. Nor is there a dispute as to the propriety of the trial court's finding of the aggravated circumstances set forth herein. Appellant urges that the trial court erred in failing to consider mitigating circumstances presented in the presentence report. The appellant's brief argues that "the trial court failed to determine if mitigating circumstances existed prior to sentencing the Appellant." In view of the trial court's statement that he had considered all the facts and circumstances presented from the file and the presentence report, the issue presented must be reframed thus: Did the trial court err in failing to specifically state that he considered each mitigating circumstance and found none of them individually or collectively sufficient to call for a lesser term? Because we find no such requirement within the framework of the criminal code, we must answer this question in the negative.

A.R.S. § 13–702(C) provides:

"The upper and lower term imposed . . . may be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime *are found to be true* by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial, and factual findings and reasons *in support of such findings* are set forth on the record at the time of resentencing." (Emphasis supplied.)

Additionally, A.R.S. § 13–702(D) and (E) require only that the court "consider" the enumerated aggravating or mitigating circumstances. When read together, we think these statutes evidence a legislative intent that the trial court consider the enumerated aggravating and mitigating circumstances.

However, it is only when the aggravating or mitigating circumstances are found to be true and are to be relied upon in varying from the presumptive sentence that the trial court must articulate factual findings, and reasons in support of the findings, at the time of sentencing. As stated in R. Gerber, Criminal Law of Arizona (1978):

"Judges are to impose the presumptive sentence on the mass of typical first offenders; they may deviate from this norm only after making a written finding of one of the enumerated aggravated or mitigating factors." *Id.* at 95.

Finally we note that prior to the adoption of the new code, appellate courts in Arizona indulged in a presumption that trial courts considered all relevant factors in sentencing decisions. *See State v. Robbins*, 110 Ariz. 284, 518 P.2d 107 (1974). We find no legislative intent to alter this presumption, nor to impose upon trial judges a requirement that they specifically state what information will not be used in the sentencing decision.

Judgment of conviction and sentence affirmed.

HAIRE, P. J., and CONTRERAS, J., concur.