NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WILLIAM FRANKLIN NAJAR, *Petitioner*.

No. 1 CA-CR 13-0686 PRPC
FILED 6-2-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 1998-093180
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

William Franklin Najar, Florence
*Petitioner Pro Se*

Greenberg Traurig, LLP, Phoenix
By Stacey F. Gottlieb
*Counsel for Arizona Justice Program, Amicus Curiae*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie, Judge Kenton D. Jones, and Judge Jon W. Thompson delivered the following decision of the Court.

---

**PER CURIAM**:

**¶1**         William Franklin Najar petitions for review of the summary dismissal of his third post-conviction relief proceeding commenced pursuant to Arizona Rule of Criminal Procedure 32. For the following reasons, we grant review but deny relief.

**¶2**         A jury found Najar guilty of first-degree murder and theft. At the time of the murder, Najar was a juvenile. The trial court sentenced him to imprisonment for natural life for the murder and a concurrent one-year prison term for the theft conviction. The convictions and sentences were affirmed on appeal. *State v. Najar*, 1 CA-CR 02-0006 (App. Nov. 14, 2002) (mem. decision).

**¶3**         In Najar's first post-conviction relief proceeding, the trial court granted relief in the form of resentencing on the murder conviction. Najar was resentenced to natural life without the possibility of release on December 2, 2005. Najar's second post-conviction relief proceeding was summarily dismissed by the trial court on November 5, 2008, and this Court denied review.

**¶4**         In June 2013, Najar commenced a third post-conviction relief proceeding by filing a notice alleging there had been a significant change in the law as a result of *Miller v. Alabama*, 132 S. Ct. 2455 (2012), entitling him to relief from his natural life sentence. The trial court summarily dismissed the notice. Following the denial of a motion for rehearing submitted by *amicus curiae* Arizona Justice Project, Najar filed a timely petition for review.

**¶5**         Najar and *amicus curiae* contend *Miller* is a significant change in the law that applies retroactively and entitles Najar to relief. *See* Ariz. R. Crim. P. 32.1(g), 32.4(a) (claim of significant change in law can be raised in untimely or successive petition for post-conviction relief). In *Miller*, the United States Supreme Court held that mandatory life sentences for juvenile offenders violate the Eighth Amendment. 132 S. Ct. at 2469. The Court held that a sentencing court must be permitted to take into account,

among other things, the "offender's age and the wealth of characteristics and circumstances attendant to it." *Id.* at 2467.

¶6        Najar and *amicus curiae* argue Arizona's first-degree murder sentencing scheme as a whole is unconstitutional as applied to juvenile defendants and that no constitutional sentencing option was available to the trial court. However, in *State v. Vera*, 235 Ariz. 571, 334 P.3d 754 (App. 2014), this Court held that the recently enacted A.R.S. § 13–716 (2014) remedied any claim that a life sentence without the possibility of release for a minimum number of years was unconstitutional. 235 Ariz. at 761, ¶ 27, 334 P.3d at 578. That statute states that a juvenile "who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years" is eligible for parole upon completion of the minimum sentence. A.R.S. § 13-716. Thus, any unconstitutional effect of Arizona's original sentencing scheme has been remedied.

¶7        Our statutory sentencing scheme requires a trial court to "determine whether to impose" a natural life sentence or a sentence without the possibility of release for twenty-five or thirty-five years after considering aggravating and mitigating circumstances, including the defendant's age. A.R.S. §§ 13–701(C)-(E); 13–751(A)(2); 13–752(A), (Q)(2). In Najar's case, the trial court did so and imposed the more severe sentence. Nothing in the record suggests the court imposed the greater sentence because it believed there was no meaningful difference in the available sentences. That the lesser sentence might have been constitutionally suspect prior to the passage of A.R.S. § 13–716 has little bearing on Najar's case.

¶8        We further reject the argument that a non-mandatory sentence of life without the possibility of parole is an unconstitutional sentence for juvenile offenders under the Eighth Amendment. *Miller* held only that a *mandatory* life sentence violated the Eighth Amendment and expressly declined to address any "argument that the Eighth Amendment requires a categorical bar on life without parole for juveniles, or at least for those 14 and younger." *Miller*, 132 S. Ct. at 2469. We decline the invitation to extend *Miller*'s holding.

¶9        Najar and *amicus curiae* further maintain that the mitigating factor of age was not given the necessary weight and that the trial court did not adequately consider Najar's chances for rehabilitation. We conclude otherwise. Under *Miller*, before imposing a natural life sentence, the court must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in

prison." 132 S. Ct. at 2469. We presume a sentencing court considers any mitigating evidence presented, *State v. Winans*, 124 Ariz. 502, 505, 605 P.2d 904, 907 (App. 1979), and we leave to the trial court's sound discretion how much weight to give such evidence. *State v. Fierro*, 166 Ariz. 539, 551, 804 P.2d 72, 84 (1990), *abrogated on other grounds by State v. Terrazas*, 189 Ariz. 580, 582, 944 P.2d 1194, 1196 (1997). At Najar's resentencing, the court expressly found his age to be a mitigating factor. Additionally, the court had before it factors unique to Najar, such as his medical and psychiatric records, dysfunctional family background, and a history of drug abuse. The court was also aware of testimony presented at the mitigation hearing at Najar's first sentencing regarding adolescent brain development and underdeveloped prefrontal cortex. The court nonetheless determined a natural life sentence was appropriate. *Miller* does not require more.

¶10 Because we conclude Najar is not entitled to relief under *Miller*, we need not determine whether *Miller* applies retroactively under the analysis outlined in *Teague v. Lane*, 489 U.S. 288 (1989). For the reasons stated, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama