NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JOSE LUIS BUSTOS, *Petitioner*.

No. 1 CA-CR 13-0765 PRPC
FILED 6-9-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 2005-005248-003
The Honorable Michael D. Gordon, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Greenberg Traurig, LLP, Phoenix
By Stacey F. Gottlieb
*Amicus Curiae Counsel for American Justice Project*

Jose Luis Bustos, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Maurice Portley delivered the decision of the Court, in which Judge John C. Gemmill and Judge Michael J. Brown joined.

---

**P O R T L E Y**, Judge:

¶1             Jose Luis Bustos seeks review of the summary dismissal of his second post-conviction relief proceeding commenced pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered his petition and, for the reasons stated, grant review but deny relief.

¶2             Bustos was indicted on two counts of first degree murder and one count of armed robbery on November 17, 2005.  He was sixteen years old when he committed the offenses.  He pled guilty to the charged offenses without a plea agreement in July 2007, soon before his trial was to begin. He was subsequently sentenced to concurrent sentences of natural life in prison for the two murder convictions and twenty-one years for the armed robbery conviction.

¶3             Bustos filed a timely notice of post-conviction relief on November 28, 2007.  Appointed counsel was unable to find any claims to raise in a petition for post-conviction relief, and the trial court gave Bustos forty-five days to file a pro se petition.  When Bustos failed to timely file his petition, and failed to submit a petition within a month after that deadline expired, the post-conviction proceeding was dismissed on May 23, 2008.

¶4             Some five years later, Bustos filed a second notice of post-conviction relief claiming he was entitled to relief from his sentences under *Miller v. Alabama*, 132 S. Ct. 2455 (2012).  The trial court dismissed the petition after finding that the notice was both untimely and successive, and that *Miller* was not a significant change in the law that applied to Bustos. Bustos filed a motion for rehearing and the trial court granted the Arizona Justice Project leave to file an amicus curiae brief in support of the motion for rehearing.  The trial court subsequently denied the motion for rehearing, ruling that even if *Miller* has retroactive application, its requirement of individualized sentencing of juveniles was met.  Bustos filed a timely petition for review and the Arizona Justice Project filed an amicus curiae brief in support of the petition.

**¶5** On review, Bustos and amicus curiae argue that *Miller* is a significant change in the law that applies retroactively and entitles Bustos to relief. *See* Ariz. R. Crim. P. 32.1(g), 32.4(a) (claim of significant change in law can be raised in untimely or successive petition for post-conviction relief). In *Miller*, the United States Supreme Court held that mandatory life sentences for juvenile offenders violate the Eighth Amendment. 132 S. Ct. at 2469. Instead, a sentencing court must be able to take into account the "offender's age and the wealth of characteristics and circumstances attendant to it." *Id.* at 2467.

**¶6** Bustos and amicus curiae argue his natural life sentences are improper because Arizona's first-degree murder sentencing scheme is unconstitutional when applied to juvenile defendants. They reason that, because parole was unavailable under either a sentence without the possibility of release for a minimum number of calendar years or a natural life sentence, there was no constitutional sentence available to the trial court. Therefore, they conclude, Bustos was not provided the "meaningful opportunity for release" purportedly required by *Miller*.

**¶7** This court recently determined in *State v. Vera* that, because parole had been eliminated and the only possibility of release would be by pardon or commutation, a sentence of life with the possibility of release "was, in effect," a mandatory life sentence "in violation of the rule announced in *Miller*." 235 Ariz. 571, 576, ¶ 17, 334 P.3d 754, 759 (App. 2014). But, in *Vera*, this court further held that the Legislature's enactment of Arizona Revised Statutes ("A.R.S.") section 13-716 (2014), remedied any claim that a life sentence without the possibility of release for a minimum number of calendar years was unconstitutional. 235 Ariz. at 761, ¶ 27, 334 P.3d at 578. The statute provides that a juvenile "who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years" is eligible for parole upon completion of the minimum sentence. A.R.S. § 13-716. Thus, any unconstitutional effect of the original sentencing scheme has been remedied.

**¶8** Arizona's sentencing scheme requires a court to "determine whether to impose" a natural life sentence or a sentence without the possibility of release for twenty-five or thirty-five calendar years only after considering aggravating and mitigating circumstances, including the defendant's age. A.R.S. §§ 13-702(C), (D), -703.01(A), (Q) (2005). In Bustos's case, the trial court had received the sentencing memoranda by both parties, the presentence investigation and letters filed on Bustos behalf, and had the opportunity to consider during the two and one-half hour hearing the testimony of witnesses and argument of counsel. The court, on the record,

considered the aggravating and mitigating evidence, and imposed the more severe sentence. And there is nothing in the record to suggest the court imposed the greater sentence because the court believed there was no meaningful difference in the sentences available. In fact, the record demonstrates that the court understood the difference and explained it to Bustos at the change of plea proceeding. The fact that the lesser sentence might have been unconstitutional before the passage of § 13-716 is irrelevant.

¶9 We further reject the argument by Bustos and amicus curiae that life without possibility of parole is an unconstitutional sentence upon juvenile offenders under the Eighth Amendment. *Miller* cannot be read to support that argument. The Court held only that a mandatory life sentence violated the Eighth Amendment and expressly declined to address any "argument that the Eighth Amendment requires a categorical bar on life without parole for juveniles, or at least for those 14 and younger." *Miller*, 132 S. Ct. at 2469. We decline the invitation to extend *Miller*'s holding further than the Supreme Court was willing to extend it. Thus, a natural life sentence with no opportunity for release is permitted if a sentencing court, after considering sentencing factors, could have imposed a lesser sentence.

¶10 Bustos and amicus curiae further maintain, however, that the mitigating factor of age was not given the necessary weight and that the trial court did not adequately consider Bustos's chances for rehabilitation. We disagree.

¶11 Arizona's sentencing scheme requires a court to "determine whether to impose" a natural life sentence or a sentence without the possibility of release for twenty-five or thirty-five calendar years only after considering aggravating and mitigating circumstances, including the defendant's age. A.R.S. §§ 13-701, -751(A)(2), -752(A), (Q)(2) (2012). Under *Miller*, before imposing a natural life sentence, a court must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." 132 S. Ct. at 2469. We presume a sentencing court considered any mitigating evidence presented, *State v. Winans*, 124 Ariz. 502, 505, 605 P.2d 904, 907 (App. 1979), and we leave to the court's sound discretion how much weight to give any such evidence, *State v. Atwood*, 171 Ariz. 576, 648, 832 P.2d 593, 665 (1992).

¶12 At Bustos's sentencing, the trial court expressly found his age was a mitigating factor. The court also considered other mitigating factors unique to Bustos, such as his extraordinary remorse and his lack of criminal

history. In addition, the court stated that it had reviewed the materials presented by Bustos's counsel in a presentence memorandum, which included articles discussing teenage brain development and adolescent legal culpability. After considering that evidence, as well as the evidence presented at the plea hearing to support the plea, the court determined that natural life sentences were appropriate for the two murders. We cannot say *Miller* requires more, and therefore hold the court did not abuse its discretion in dismissing Bustos's notice and denying the subsequent motion for rehearing.

¶13 Because we conclude Bustos is not entitled to relief in any event, we need not determine whether *Miller* is applicable retroactively to his case under the analysis outlined in *Teague v. Lane*, 489 U.S. 288 (1989).

¶14 For the reasons stated, although we grant review, we deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama